**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re: Case No. 06-31248

KIMBERLEY SHANI HARLEY-WRIGHT,
                                                  Chapter 13
    Debtor.

**ORDER DENYING DEBTOR'S**
**MOTION TO REINSTATE CASE**

On December 15, 2006, the debtor filed a motion to reinstate her chapter 13 case (Doc. #22). That motion was set for hearing on January 8, 2008.

A plan confirmation hearing was originally scheduled for December 4, 2006. At the hearing, the trustee reported that the debtor had failed to commence plan payments within the time allowed by law.[1] For that reason, the confirmation hearing was continued to December 11, 2006.

At the December 11 confirmation hearing, the trustee again reported that no payment had been received on the debtor's account. The debtor did not appear at the December 11 hearing nor did her counsel dispute the trustee's contention. As a result, the court denied confirmation of the debtor's plan and dismissed the case (Doc. 25).

Although the debtor does not contend that she commenced plan payments within 30-days of her petition for relief, she does contend that a $25 money order was sent to the trustee, but that it has apparently been lost.

---

[1] 11 U.S.C. §1326(a) requires that debtors commence plan payments within 30 days of their filing a plan or of the order for relief.

The court notes that this case was filed on September 27, 2006. Therefore, this debtor has enjoyed the protection of this court for over three months, yet during that entire period, she has, at best, paid only $25 to the trustee. Her proffered plan called for her to pay trustee $32 each week.

The debtor was accorded ample time to avoid dismissal of this case by commencing payments. She did not. Further, even had payments commenced timely, the court is not impressed that the plan is feasible. Accordingly, it is

ORDERED that the debtor's motion to reinstate her chapter 13 case is DENIED.

Done this the 8th day of January, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
David Weston, Debtor's Attorney
Curtis C. Reding, Chapter 13 Trustee